IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NELLIE AUSTIN,**

    **Plaintiff,**

vs.                                                            No. CIV 06-0492 RB/RHS

**WAL-MART STORES, INC., MEL DESASSA and LAMONT SHARP,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Fraudulently Joined Defendants (Doc. 3), filed on June 15, 2006, and Plaintiff's ("Austin's") Motion to Remand (Doc. 10), filed on July 5, 2006. Having reviewed the submissions of the parties, and being otherwise fully advised, I find that the motion to dismiss should be denied and the motion to remand should be granted.

**I. Background.**

On May 11, 2006, Austin filed a Complaint for Damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Austin alleged that she was pushing a shopping cart through the health and beauty section of the Wal-Mart on Carlisle Boulevard when she slipped on a whitish substance on the floor, fell sideways, and landed on the floor. The fall injured her right shoulder, broke her right hip, sprained her right wrist, and caused numbness in the toes of her right foot. Austin alleges that Defendants' failure to maintain the floor in a safe condition created a hazardous condition. She seeks recovery for premises liability and negligence.

Defendant DeSassa is the store manager. Defendant Lamont is a management employee who

was present at the scene shortly after Austin fell.

On June 12, 2006, Defendants removed the case to this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting subject matter jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332. Austin, DeSassa, and Sharp reside in New Mexico. Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. The facts establish that the amount in controversy exceeds $75,000.

Defendants argue that complete diversity exists because DeSassa and Sharp were fraudulently joined and the claims against them should be dismissed. Austin argues that her claims against the non-diverse Defendants are viable and the case should be remanded to state court for lack of federal jurisdiction.

## II.     Standard.

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir.2003).

## III. Discussion.

### A. Whether diversity jurisdiction exists.

Defendants removed this matter based upon diversity jurisdiction. In order to establish diversity jurisdiction, a party must show that the amount in controversy exceeds the sum or value of $75,000 and that the action involves citizens of different states. *See* 28 U.S.C. § 1332(a). Since its enactment, the Supreme Court has interpreted the diversity statute to require "complete diversity"

of citizenship.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) (overruled on other grounds)).  As interpreted, the statute provides federal district courts with original diversity jurisdiction of cases "only if there is no plaintiff and no defendant who are citizens of the same State."  *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir.2000).  In that Austin, DeSassa, and Sharp are all citizens of New Mexico, complete diversity does not exist.

Defendants seek to overcome this obstacle by arguing that DeSassa and Sharp were fraudulently joined.  "Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."  *Cooper v. Zimmer Holdings, Inc.*, 320 F.Supp. 2d 1154, 1157 (D. Kan. 2004) (citations omitted).  Thus, the integrity of Austin and her counsel are not at issue; the question is whether there was fraudulent joinder as that term has been interpreted by the case law.

 "The case law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indemnity*, 211 F.3d 1278 (table), 2000 WL 525592, * 2 (10th Cir.2000) (unpublished decision).[1]  The standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6).  *Id.* (*citing Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir.1992)).  The diverse defendant must prove "that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court."  *Montano*, 2000 WL 525592, *4-5.

---

[1] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." Because the *Montano* unpublished decision meets both these criteria, the rules allow citation to it.

To prove an allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility the plaintiff would be able to establish a cause of action against the joined party in state court. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000) (quotation omitted). All disputed questions of fact and all ambiguities in the controlling law must be construed in favor of the non-removing party. *Id.*

"A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff*, 977 F.2d at 851-53. Remand is required if any one of the claims against a resident defendant is possibly viable. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir.1983).

DeSassa and Sharp contend that the allegations in the complaint are insufficient to state a claim against them under New Mexico law. They contend that personal liability cannot be imposed on them simply because they are managers at Wal-Mart. New Mexico law provides that an agent of a corporation who is in charge of a premises may be liable for injuries sustained by business invitees caused by unsafe conditions of the premises. *Klopp v. Wackenhut Corp.,* 113 N.M. 153, 161, 824 P.2d 293, 301 (1992) (*citing* Restatement (Second) of Agency § 355 (1957)).

The Restatement (Second) of Agency states the rule as follows:

> An agent who has the custody of land or chattels and who should realize that there is an undue risk that their condition will cause harm to the person, land, or chattels of others is subject to liability for such harm caused during the continuance of his custody, by his failure to use care to take such reasonable precautions as he is authorized to take.

Restatement (Second) of Agency § 355 (1957). The extent of the duty depends on the degree of control exercised by the manager over the premises. *See Klopp*, 113 N.M. at 161, 824 P.2d at 301.

Construing all disputed questions of fact and all ambiguities in the controlling law in favor of

4

Austin, I cannot say that she has no possibility of recovery against DeSassa and Sharp. The complaint states potentially viable claims against the non-diverse defendants. Defendants have failed to meet their burden of showing that the joinder of DeSassa and Sharp was fraudulent. The parties are not diverse. The case should be remanded to state court for lack of federal jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Fraudulently Joined Defendants (Doc. 3), filed June 15, 2006, is **DENIED.**

**IT IS FURTHER ORDERED** that Austin's Motion to Remand (Doc. 10), filed on July 5, 2006, is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE SECOND JUDICIAL DISTRICT, COUNTY OF BERNALILLO, STATE OF NEW MEXICO.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**